**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| TERRY DAWSON, JR. | ) | |
| Petitioner, | ) | |
| v. | ) | No. 1:13-cv-978-JMS-TAB |
| | ) | |
| SUPERINTENDENT, Pendleton | ) | |
| Correctional Facility, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry and Order Dismissing Action**

**I.**

**A.**

"[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters,* 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). A viable habeas claim pursuant to § 2254(a) necessarily precludes a claim which is not based on alleged noncompliance with federal law. *Wilson v. Corcoran*, 131 S. Ct. 13, 16 (2010); *Perruquet v. Briley,* 390 F.3d 505, 511 (7th Cir. 2004)("To say that a petitioner's claim is not cognizable on habeas review is thus another way of saying that his claim 'presents no federal issue at all.'") (quoting *Bates v. McCaughtry,* 934 F.2d 99, 101 (7th Cir. 1991)).

When the challenged custody results from a prison disciplinary proceeding, due process requires that certain procedural safeguards be observed and that the decision be support by a minimum quantity of evidence.

> Due process requires that prisoners in disciplinary proceedings be given: "(1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action." *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992); *see also Wolff v. McDonnell,* 418 U.S. 539, 94 S. Ct. 2963, 41 L.Ed.2d 935 (1974).

*Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

**B.**

In the present case, state inmate Terry Dawson challenges the validity of a prison disciplinary proceeding identified as No. ISR 13-01-0036. In that proceeding Dawson was found guilty of violating prison rules by attempting to assault a staff member.

Dawson's claim that prison policies were not followed is not cognizable under § 2254(a). *Wilson v. Corcoran*, 131 S. Ct. 13, 16 (2010)("[I]t is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts. . . . It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.")(internal citations and quotations omitted).

Dawson's second claim is that there was not sufficient evidence to support the decision of the hearing officer. However, because the conduct report is clear and specific in the first-hand account of the reporting officer, and because a conduct report may constitute some evidence, *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999), the evidence here was sufficient.

Based on the foregoing, the petitioner has failed to show that his custody pursuant to the sanctions imposed in No. ISR 13-01-0036 is in violation of the Constitution or laws or treaties of the United States. His petition for writ of habeas corpus is therefore **denied.**

**II.**

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 03/11/2014

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

Terry Lee Dawson, Jr.
988947
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064